INTER-MARITIME FWDG. CO., INC., ET AL. *v.* UNITED STATES

**No. 6644.**—Invoices dated London, England, February 19, 1941, etc.
Entered at New York, N. Y., December 11, 1941, etc.
Entry No. 729352, etc.

(Decided December 18, 1946)

*Tompkins & Tompkins (J. Stuart Tompkins* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

CLINE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

RATSEY & LAPTHORN, INC., ET AL. *v.* UNITED STATES

**No. 6645.**—Invoices dated Minories, London, England, January 17, 1942, etc.
Certified January 26, 1942, etc.
Entered at New York, N. Y., April 2, 1942, etc.
Entry No. 745493, etc.

(Decided December 18, 1946)

*Sharretts & Hillis (Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.